IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                           No. 5:12-cv-50035-002

K. VAUGHN KNIGHT                                                                            DEFENDANT

**ORDER**

Currently before the Court is the Government's motion (Doc. 154) to compel. No response has been filed by the Defendant, and the time for filing a response passed on Wednesday, October 30, 2013. Having considered the motion, the Court finds that the motion should be DENIED.

The discovery obligations of the government and a defendant under Rule 16 are reciprocal. Federal Rule of Criminal Procedure 16(b)(1)(C) provides that "[t]he defendant must, at the government's request, give the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial, if (i) the defendant requests disclosure under subdivision (a)(1)(G) and the government complies . . . ." Rule 16(a)(1)(G) provides that, "[a]t the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703,or 705 of the Federal Rules of Evidence during its case-in-chief at trial." Both corresponding discovery obligations require the parties to provide written summaries that "describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications. *Id*.; Fed. R. Crim. P. 16(b)(1)(C). The instant motion seeks an order compelling Knight to provide witness summaries that comply with Rule 16(b)(1)(C).

Knight requested discovery from the Government at his arraignment (Doc. 28, Text Only

Entry, stating, "[d]efense counsel requests discovery in open court"). After the arraignment, the Government filed a notice (Doc. 53) of request for discovery from Knight. This request asked "that the defendant provide the government all material subject to discovery pursuant to Fed. R. Crim. P. 16 and the Pretrial Scheduling Order." *Id*. A defendant is not required to identify expert witnesses until he has made a request under Rule 16(a)(1)(G) and the government "complies" with the request. The government can comply with the request by identifying its expert witnesses and providing written summaries or by stating that it does not intend to call any expert witnesses in its case-in-chief. *See United States v. Rajaratnam*, 2011 WL 723530 (S.D.N.Y) (ruling that government's statement that it would not call any expert witnesses constituted compliance with its Rule 16(a)(1)(g) discovery obligation and stating that a defendant learns valuable information when the government says it does not intend to call experts).

      The problem in this case is that the Government stops short of averring that it ever affirmatively told Knight or his counsel that it did not intend to call any expert witnesses until it filed its own notice (Doc. 151) regarding expert witness. Instead, the Government appears to argue that the pretrial scheduling order (Doc. 36) entered in this case is akin to a stipulated discovery order entered into by the parties, such that the Government's compliance with the stipulated order should be assumed and Knight's reciprocal discovery obligations would be automatically triggered. The Government cites to a case in which the parties entered into a stipulated discovery order, stating that a motion to compel was granted after the government requested defense disclosures of expert witnesses and the defense refused.

      First, the Court's pretrial scheduling order is simply an order of the Court outlining the Court's requirements and expectations for discovery; it is not a stipulation entered into by the parties.

The scheduling order, in large part, merely informs the parties of the obligations imposed on them by Rule 16 and relevant case law, and specifically states that the listed obligations arise "<u>at the request of the Defendant</u>" and "<u>on the Government's request</u>." *Id*. at ¶¶ II(A) and II(C) (emphasis in original). Furthermore, the Government never argues that Knight or his counsel refused a disclosure request by the Government. All the Court can discern from the record is that the Government made a very general Rule 16 request and was later silent as to the possibility of calling any expert witnesses until Knight's counsel informed the Government of their intent to use experts. The Court cannot find that Knight's reciprocal discovery obligation to disclose written expert summaries was triggered by the Government's silence as to its intent to call experts.

The first time the Court can find, on the record,[1] that the Government informed Knight that it did not intend to call any experts was in the Government's notice (Doc. 151) regarding expert witness, which was filed on October 2, 2013 while the Government's motion to exclude Knight's experts was pending.[2] In that same notice, the Government stated that it may call an expert witness in bankruptcy law in its case-in-chief, rebuttal, or both. The Government did not state, until the instant motion, that it does not intent to call any expert witnesses in its case in chief. If, notwithstanding this assertion, the Government does intend to call experts during its case-in-chief, appropriate summaries should be provided to Knight as soon as possible. In any event, it appears that the earliest the Government appears to have triggered Knight's obligation to disclose expert

---

[1] The Court notes that the parties do not have to put their discovery exchanges on the record. However, absent any averment in the Government's motion, the Court can only look to the record for any further clarification or information.

[2] The Court denied the Government's motion to exclude on October 8, 2013, and the Government filed their instant motion to compel on October 16, 2013.

summaries (from what is discernible from the record) is in the October 2 notice. That notice, however, did not actually make clear the Government's intentions regarding expert witnesses, as it stated both that the Government did not intend to call any experts and then that it might call an expert or experts in its case-in-chief if its motion to exclude were denied. The first affirmative statement by the Government, that the Court finds would trigger Knight's obligation to disclose expert summaries, is in the instant motion. The Government cannot, however, both fulfill its discovery obligation and move to compel Knight's reciprocal disclosures in the same motion.

Finally, the Court finds that the Government has not complied with the Court's pretrial scheduling order in filing this motion to compel. Paragraph II(E) of the order requires that any motion to compel disclosure contain (1) a statement that a conference was held with the opposing party, (2) the date of said conference, and (3) the statement that agreement could not be reached concerning the discovery that is the subject of the motion. The required statements are not included in the motion. The Court does not know if the Government first attempted to confer with Knight or his counsel to resolve this dispute without Court intervention. The Court also does not know the current status of disclosures between the parties, subsequent to the Government's affirmation that it does not intend to call any experts in its case in chief.

The Court finds, for all of the above reasons, that the Government's motion (Doc. 154) should be denied at this time. The parties should confer in an attempt to resolve any outstanding discovery issues. In conferring, the parties should keep in mind that a written summary required under Rule 16 is not the same as that required in civil cases. *United States v. Nacchio*, 555 F.3d 1234, 1262 (10th Cir. 2009) (stating "[t]he required 'written summary,' however, falls far short of the 'complete statement' required of litigants in civil cases."). However, the summary must "be

4

sufficiently specific that the purpose of the rule is not eviscerated." *United States v. Mix*, 2013 WL 1562864 at *4 (E.D. La. Apr. 12, 2013).  The purpose of the rule is "to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross examination."  Fed. R. Crim. P. 16, 1993 Amendment, Adv. Comm. Note.

For all of the above reasons IT IS ORDERED that the Government's motion (Doc. 154) to compel is DENIED.

The parties should confer in accordance with paragraph II(E) of the Pretrial Scheduling Order.  The Court will schedule a pretrial conference for 8:30 on November 4, 2013.  If any discovery disputes remain subsequent to the parties' conference, any party can make either a written motion to compel or an oral motion to compel at the pretrial conference, and the Court will take up any remaining issues at that time.

IT IS SO ORDERED this 1st day of November, 2013.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE

5